# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV484-3-MU

| | |
|---|---|
| WILLIE WORLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed on November 6, 2009 (Document No. 1) and Petitioner's Application to Proceed in District Court Without Prepaying Fees of Costs (Doc. No. 2.) For the reasons stated herein, the Petitioner's case will be <u>dismissed</u> as time-barred.

## I. Factual and Procedural Background

According to his Petition, on May 10, 2001 a jury found Petitioner guilty of two counts of robbery with a dangerous weapon and not guilty of one count of robbery with a dangerous weapon. Defendant admitted his status as an habitual felon. Petitioner was sentenced to two consecutive sentences having a combined minimum term of 240 months and a combined maximum term of 306 months imprisonment. Petitioner directly appealed to the Court of Appeals and on September 3, 2002, the Court found no error. Although Petitioner provides no dates, he also claims to have sought collateral review through the state system, however, he claims to not know the outcome of his MAR or any of his other filings. Petitioner filed the instant Petition on November 6, 2009 alleging that his public defendant was ineffective (1) for

1

failing to object to the fact that he "was convicted for separate charges, when the trial court judge already established it was one case," (2) only coming to see him twice; and (3) for failing to "point out the duplicity, multiplicity and double jeopardy" in his sentences. Finally, Petitioner contends that the appellate court altered a piece of his court testimony.

In response to the question on his form Petition regarding the timeliness of his Petition, Petitioner concedes that his petition is late and argues that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on May 10, 2001 and filed a direct appeal of his conviction and sentence. The North Carolina Court of Appeals found no error on September 3, 2002. While Petitioner contends that he subsequently filed at least one MAR in state court collaterally challenging his conviction, he provides no dates for such filings. However, he concedes that his § 2254 Petition is untimely, but argues that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." (Petition at 14.)

First, the Court notes that it is Petitioner's burden to fully answer all of the questions on his form Petition. Here, Petitioner left many questions blank or responded "don't know." This is especially true with respect to the questions regarding his filings in his collateral review proceedings. While, the Court was able to conduct its own research and locate Petitioner's direct appeal, it was unable to find any electronic filings connected to his collateral attack. However, because Petitioner seems to concede his Petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and argues that his Petitioner is timely under § 2244(d)(1)(D), the Court will proceed without the dates of his MAR filings and focus its analysis on Petitioner's argument under § 2244(d)(1)(D). (See ques. 18 on form Petition.)[1]

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."

Petitioner is attempting to invoke 28 U.S.C. § 2244(d)(1)(D) which provides that the one year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, Petitioner has simply not met his burden in that he does not even attempt to establish on what date the factual predicate for his claim(s) became known to him nor does he explain what these new facts are or to which or his four claims these new facts relate.

Because Petitioner has failed to demonstrate the applicability of 28 U.S.C. § 2244(1)(D) to the claims in his Petition, this Court must conclude that Petitioner's Petition is untimely and that his explanation that his claims were not previously discoverable is not credible given that he provides no facts in support of his explanation.

Moreover, with respect to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. Denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13

---

Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner had the opportunity to address the timeliness of his Petition on his form petition, albeit unsuccessfully, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him. The Court further notes that Petitioner's response shows no confusion and demonstrates that he understood the timeliness issues because he clearly set forth the facts he believed were sufficient to save his motion from the statute of limitations. See Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. 2008).

(4th Cir. 2004). Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement.[2] Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed **or** the applicability of 28 U.S.C. § 2244(d)(1)(D) to the claims in his Petition. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that

(1) Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED;** and

(2) Petitioner's Application to Proceed in District court Without Prepaying Fees or Costs (Doc. No. 2) is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a

---

[2] Here, Petitioner claims that his limited education and lack of legal experience kept him from recognizing his claims at the time they occurred. However, Petitioner's limited education and lack of legal training will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: December 1, 2009

Graham C. Mullen
United States District Judge